*Southern District*
**FRANK MORRIS**
v.
**DAWSON'S BREWERY, INC.**

*Present*: Nash, P. J., Cox & Murphy, JJ.
Case tried to *Linehan, J.* in the Municipal Court of the West Roxbury District. No. 24,451.

*Murphy, J.* This is an action in contract or tort to recover damages for personal injuries allegedly suffered as a result of becoming ill after drinking ale manufactured by the defendant.

The declaration is in two counts; Count I is founded upon an alleged breach of war-

ranty; Count II is based upon alleged negligence of the defendant.

*There was evidence that*:

The plaintiff had purchased four quarts of Dawson's ale from "Rand's", a package store in Roslindale Square on or about August 10, 1962.

The plaintiff was a gravedigger earning approximately $15 per day, and it had been his custom to purchase beer at this package store after work about every day, paying $.45 for each bottle, $.05 of which was a deposit upon the return of the bottle.

The plaintiff felt fine before he drank the ale. He had one glass of ale at home from one of the bottles, and it had a funny taste and the second glass tasted even worse. He then smelled the ale in his glass, and it smelled "awful"; at that point, his stomach began to churn and he felt a pain in that region. He went to the bathroom and vomited. Thereafter, he poured out the remaining ale, and upon doing so, observed objects inside the bottle which turned out to be seven dirty clothespins, each approximately four inches in length.

The plaintiff consulted a doctor, had occasional pains in his stomach and had diarrhea for about two weeks after drinking the ale.

The court found for the defendant on Count I, and for the plaintiff on Count II in the sum of $245.00

At the close of the evidence, the defendant filed the following requests for rulings:

1. The plaintiff did not suffer any physical injuries, and for this reason he is not entitled to recovery against the defendant under either count.
2. The plaintiff presented no evidence under Count II which shows the defendant was negligent, and any finding of negligence would be based on speculation.
3. On all the evidence, the plaintiff is not entitled to a finding under either Count I or Count II of the declaration.
4. The plaintiff presented no evidence which shows privity of contract between the plaintiff and the defendant and for this reason he is not entitled to a recovery under Count I.

The defendant claims to be aggrieved by the denial of its requests 1 and 2, and the partial denial of No. 3.

The court took the following action on the requests of the defendant.

1. *Denied,* stating I find the plaintiff did suffer physical injury after drinking from the contents of the [ale] bottle and prior to any knowledge on his part that the bottle of [ale] manufactured or produced by the defendant contained dirty clothespins. I find further that the defendant was negligent inasmuch as the bottle of [ale] contained dirty clothespins. I further find that the dirty clothespins in the said botte of [ale] were responsible for the physical in-

juries suffered by the plaintiff.

2. *Denied,* with the statement I find that the defendant was negligent as a result of the dirty clothespins contained in the contents of the [ale] bottle. See above for particulars.

3. Allowed as to Count I. Denied as to Count II. See above ruling on Count I and Count II.

We are not concerned with Count I since the court found for the defendant on that count. We, therefore, direct ourselves to Count II which is based on negligence.

The evidence with respect to the defendant's negligence consisted of the fact that the bottle carried a Dawson's label, was returnable, and that the ale, therefore, by inference was brewed by Dawsons. There was no actual evidence as to how, when, or where it was brewed, or in what manner it was labeled and capped.

The defendant submits there cannot be a finding of negligence on its part on these facts alone, and we are inclined to agree. However, assuming without deciding that the defendant was negligent, the plaintiff has not presented sufficient evidence to establish the fact that he suffered an actual physical injury, as defined by law, that would entitle him to recover.

The leading case on this point for a good many years has been *Spade v. Lynn and Boston RR.,* 168 Mass. 285 @ 290 where the court said, "there can be no recovery for fright, terror, alarm, anxiety or distress of

mind if these are unaccompanied by some physical injury." This case has been recently reaffirmed in *Sullivan v. H. P. Hood and Son, Inc.,* 341 Mass. 216-221, where the court held that the plaintiff who became violently ill after drinking milk containing mouse droppings could not recover, and the court, speaking through Wilkins, C. J. further said, and "if this rule is to stand (referring to the *Spade* case) we think it should also be held that there can be no recovery for such physical injuries as may be caused solely by such mental disturbance, where there is no injury to the person *from without.*" This appears to expand the rule laid down in the *Spade* case, and although the rule is a harsh one, nevertheless it is the law.

The substantial question, therefore is, did the plaintiff suffer physical injuries "from without"? The plaintiff contends he did, and the judge so found. We disagree. In the plaintiff's own words, "after pouring another glass full of ale, which he began to drink, he smelled of the ale, and 'it smelled awful', and he thereupon experienced naseau and vomited." This evidence puts the case squarely in the line with the *Hood* case cited supra.

It is significant that he vomited after he smelled the ale. Clearly, the defendant suffered no physical injury "from without" on these facts.

The defendant has raised other strong objections to the finding in his brief, but since our ruling is decisive of the case, there is no

need to discuss those objections any further.

In our opinion, it was prejudicial error to deny defendant's request for rulings Nos. 1 and 2. *The finding for the plaintiff should be reversed and judgment should be ordered for the defendant.*

Benjamin P. Ralen, of Roslindale, for the Plaintiff.
Stephan A. Hopkins, of Boston, for the Defendant.