*Southern District*

## BERTHA NARDELLI, ET AL.

### v.

## COCA-COLA BOTTLING CO., INC.

Argued: Oct. 26, 1971 - Decided: Jan. 4, 1972.

*Present:* Murphy, P.J., Lee, Rider, JJ.

Case tried to *Sullivan. J.* in the District Court of Southern Norfolk, No. 21012.

**Murphy, P.J.** This is an action of tort in which the plaintiffs seek to recover in Counts 1 and 3 of their declaration for alleged violation of duty and alleged negligence by the defendant in the preparation and manufacture of a drink preparation known as Coca-Cola as a result of which

the plaintiffs are alleged to have been injured and otherwise damaged. The plaintiffs also included counts in contract for breach of warranty.; however, they are not material and are not included in the report.

The answer of the defendant so far as it is material to the report is a general denial, and contributory negligence.

The court found for the plaintiffs on counts 1 and 3 in the amount of $250.00 on each count.

**At the trial there was evidence that** the plaintiff, Jennie Shimkis, purchased a 16 ounce of Coca-Cola at Washington Liquor Store in Canton, Massachusetts. Mrs. Shimkis brought it home. She opened the bottle and poured some of the Coca-Cola into a dark colored plastic glass, and handed the bottle to Mrs. Nardelli. Mrs. Shimkis then took a drink from her glass and it tasted funny to her. She saw the slime in the glass and she saw "black junk" in the bottom of the bottle. She vomited one half later. She said she did not know what made her vomit, that it may have been the thought of it. She felt "icky."

The plaintiff Mrs. Nardelli took a drink from the bottle, swallowed some, felt slime in her mouth, spit it out and vomited immediately. She later saw slime in the bottle. She then went to work and left early because she was vomiting. For a week thereafter she felt slime in everything she ate.

At the close of the trial and before final argu-

ments, the defendant filed 11 requests for rulings. We do not concern ourselves with requests for rulings numbers 1 through 6, since they refer to counts in the contract, which are not before us. The other requests 7 through 11 read as follows:

"7.   The mere presence of a foreign substance does not show negligence.

8.   The plaintiffs have the burden of proving that the injuries alleged in Counts one and three were caused by the negligence of the defendant and this is an affirmative burden which cannot be left to surmise, conjecture, or imagination.

9.   The plaintiffs have not proven by the preponderance of the evidence that the defendant was negligent.

10.   The plaintiff, Bertha Nardelli, did not suffer an injury 'from without' and is not entitled to recover.

11.   The plaintiff, Jennie Shimkis, did not suffer an injury 'from without' and is not entitled to recover."

The Court allowed requests 1 through 8, and denied requests 9, 10 and 11 and found the following facts:

"The Court finds that there was an accumulation of slime at the bottom of the bottle and that both plaintiffs experienced and felt contact with slime on the inside of their mouths upon drinking of the contents of the bottle."

The defendant claims to be aggrieved by the refusal of the trial justice to grant its requests for rulings numbers 9, 10 and 11.

There is no evidence as to how, when, or where the Coca-Cola came from, nor the manner in which it was labeled and capped, nor how and by whom this was done; nor is there any reported evidence as to how long the store had the Coca-Cola in its possession and under its control.

This leaves the question of negligence to surmise, conjecture, or imagination, rather than to any act of negligence of the defendant. However, assuming, without deciding, that the defendant was negligent, we are of the opinion that the plaintiffs have not presented sufficient evidence to establish the fact that they suffered an actual physical injury on these facts as would entitle them to recover in an action at law.

This case would appear to stand on all fours with the case reported to the Southern Appellate Division in *Frank Morris* v. *Dawson's Brewery, Inc.*, 31 Mass. App. Dec. 157, where the court said, "The leading case on this point for a good many years has been *Spade* v. *Lynn and Boston Railroad Company*, 168 Mass. 285, at 290 where it was said, "there can be no recovery for fright, terror, alarm, anxiety or distress of mind if these are unaccompanied by some physical injury." This case has been recently reaffirmed in *Sullivan* v.*H. P. Hood and Son, Inc.*, 341 Mass. 216-221, where the court

held that the plaintiff who became violently ill after drinking milk containing mouse droppings could not recover, and the court, speaking through Wilkins, C.J. further said, "and if this rule is to stand (referring to the *Spade* case) we think it should also be held that there can be no recovery for such physical injuries as may be caused solely by such mental disturbance, where there is no injury to the person *from without.*"

There is still the law in Massachusetts as far as we are able to ascertain, but it appears to have been relaxed, to some extent at least, by a very recent decision reported in the case of *George* v. *Jordan Marsh Company,* 1971 Mass. Advance Sheets, page 563.

And see also the excellent review on this question in the Massachusetts Law Quarterly, Volume 56, Number 2, June 1971 entitled "Emotional Distress as an Actionable Tort." The trend of the court seems to indicate there can be recovery for "emotional distress" under certain circumstances, namely, the conduct alleged must be extreme and outrageous, and above all, must be "intentional" and that seems to be the key word.

Obviously, the instant case does not come within that category; and since it does not appear the plaintiffs suffered any physical injury "from without," there can be no recovery.

It was prejudicial error to deny defendant's requests for rulings numbers 9, 10 and 11. **The**

finding for the plaintiffs should be reversed and judgment should be ordered for the defendant.

JACK KATZ
   of Canton, for the plaintiff.

ALLEN C. SMITH AND HENRY J. MULLIGAN,
   both of Boston, for the defendant.